# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

*Received in Person by Amber Miller on 12/11/14 @ 445*

722000L0121
4172276530

| Judge or Division: | Case Number: 1431-CC01624 |
|---|---|
| JASON R BROWN | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: |
| WESLEY J JOY | JOHN DALE WILEY |
| | P O BOX 390 |
| vs. | CRANE, MO 65633 |
| Defendant/Respondent: | Court Address: |
| BANK OF AMERICA NA | JUDICIAL COURTS FACILITY |
| Nature of Suit: | 1010 N BOONVILLE AVE |
| CC Foreclosure | SPRINGFIELD, MO 65802 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: BANK OF AMERICA NA
Alias:
100 N TRYON ST
CHARLOTTE, NC 28255

COURT SEAL OF
GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____12/4/14_____       _____KJ_____
Date       Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____, of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____       _____
Printed Name of Sheriff or Server       Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

Service Fees, if applicable
Summons $ _____
Non Est $ _____
Mileage $ _____ ( _____ miles @ $ _____ per mile)
Total $ _____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 For Court Use Only: Document ID# 14-SMOS-352    1 of 2    (1431-CC01624)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:15-cv-03014-RK    Document 1-2    Filed 01/12/15    Page 1 of 9

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 For Court Use Only: Document ID# 14-SMOS-352 2 of 2 (1431-CC01624) Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:15-cv-03014-RK   Document 1-2   Filed 01/12/15   Page 2 of 9

IN THE CIRCUIT COURT OF GREENE COUNTY
STATE OF MISSOURI

| | |
|---|---|
| WESLEY J. JOY, And KIMBERLY O. JOY,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., And KOZENY & MCCUBBIN, L.C.,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR DAMAGES AND TEMPORARY RESTRAINING ORDER

COME NOW, Plaintiffs Wesley J. Joy and Kimberly O. Joy, by and through their undersigned counsel, and state the following in support of their Petition for Damages and for a Temporary Restraining Order.

### PARTIES

1. Plaintiffs currently reside at 3855 W. Driftwood Street, Springfield, MO 65807. Plaintiffs are residents of Greene County.

2. Bank of America, N.A. is a banking conglomerate with its corporate headquarters located at 100 North Tryon Street, Charlotte, NC 28255.

3. Kozeny & McCubbin, L.C. is being sued in their capacity as Successor Trustee. Kozeny & McCubbin, L.C. is a law firm with its principle place of business located at 12400 Olive Blvd. Suite 555 St. Louis, MO 63141.

## VENUE AND JURISDICTION

4. Subject matter jurisdiction is properly vested in this court because all claims are founded on Missouri law.

5. Personal jurisdiction is properly vested in this court because all the events described herein occurred in the State of Missouri, and thus all defendants have availed themselves of the laws of Missouri.

6. Venue is proper in Greene County because Plaintiffs' property is located in Greene County.

## GENERAL ALLEGATIONS

7. Plaintiffs' home was foreclosed on October 25, 2012.

8. Bank of America has acted as servicer under the Deed of Trust in this matter, dated February 27, 2004, for North American Savings Bank.

9. Earlier in 2012, Defendant BofA paid a large road assessment which Plaintiffs had the right to re-pay over ten years.

10. Bank of America failed to notify Plaintiffs of their right under the Deed of Trust in this matter to apply for a waiver to pay the assessment themselves under sections (3) and (4) of said Deed of Trust, attached hereto and incorporated herein as Exhibit A.

11. Even if this road assessment qualified to be paid by Defendant Bank of America under the Escrow section of the Deed of Trust, it should not have taken priority over Bank of America's loan, again triggering their notice requirements.

12. Bank of America demanded Plaintiffs re-pay this amount over one year's time, effectively doubling Plaintiff's monthly payments and forcing Plaintiffs to fall

behind.

13. Plaintiffs had maintained an excellent payment history, but have been forced to default due to the actions of Bank of America, as servicer.

14. Plaintiff has suffered damages as a result of said negligence on behalf of the Servicer.

15. Plaintiffs were and are financially able maintain his original mortgage payment, as well as a reasonable increase due to the payment of the road assessment; but it is conceded that Plaintiffs were unable to maintain the nearly doubled payment due to the unreasonably short time-frame Bank of America has set for repayment on the assessment.

16. Plaintiff has attempted to make full payments, but Defendant BofA did not accept same.

17. .

## COUNT I – TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION

18. Plaintiffs reallege and reincorporate the foregoing paragraphs as if fully set forth herein.

19. Plaintiffs seek to restrain and enjoin Defendants from removing Plaintiffs' home before they are afforded an opportunity to have their case heard.

20. Plaintiffs have no adequate remedy at law.

21. Plaintiffs will suffer irreparable damages if the sale is not stopped.

**WHEREFORE,** Plaintiffs pray in Count I for the orders and judgments of this court; enjoining and restraining Defendants from taking any action toward removing the

Plaintiffs from their home until further order of the court; for an order restraining them from taking any further action against the subject property without leave from the court; that after service the court issue its temporary and preliminary injunction so restraining and enjoining said Defendants and all parties on their behalf, and, upon final hearing, that the court issue its permanent injunction so enjoining and restraining said Defendants and all parties on their behalf, and that the court grant such other relief as may be just and proper, and that Plaintiffs be allowed their costs herein.

### COUNT II – DAMAGES AGAINST DEFENDANT BANK OF AMERICA

22. Plaintiffs reallege and reincorporate the foregoing paragraphs as if fully set forth herein.
23. Defendant BofA as servicer failed to adhere to the terms and the notice requirements of the Deed of Trust.
24. Plaintiffs have suffered economic damages as a result of Bank of America, N.A.'s negligent behavior which so drastically changed the monthly payments and
25. Plaintiffs have suffered emotional distress and other non-economic damages whose proximate cause is Bank of America, N.A.'s negligence.
26. Bank of America, N.A. acted with reckless disregard to Plaintiffs' well-being, and Bank of America, N.A.'s actions are reckless and outrageous, necessitating appropriate punitive damages.
27. Said actions are proximate causes of Plaintiffs' damages.

**WHEREFORE**, Plaintiffs pray for a judgment in their favor granting Plaintiffs their damages in an amount to be proven at trial against Defendant BofA and that this court grant any further relief it deems just and proper under the circumstances.

## COUNT III – DAMAGES AGAINST DEFENDANT KOZENY AND MCCUBBIN

28. Plaintiffs reallege and reincorporate the foregoing paragraphs as if fully set forth herein.

29. Defendant Kozeny and McCubbin had a fiduciary duty to Plaintiffs.

30. Plaintiffs disputed the debt within thirty days under the Fair Debt Collection Practices Act, under a letter sent to Plaintiffs by Defendant K&M.

31. In their response, Defendant K&M failed to provide payment information, or information on the current owner as legally requested by Plaintiffs.

32. Plaintiffs have made their position clear as to the illegality and inequity of this foreclosure, and Defendants have failed to discontinue the sale.

33. Plaintiffs have suffered economic damages brecause of the actions of Kozeny and McCubbin, and their failure to investigate the claims brought before them and actually known to them.

34. Said actions are proximate causes of Plaintiffs' damages.

**WHEREFORE**, Plaintiffs pray for a judgment in their favor granting Plaintiffs their damages in an amount to be proven at trial against Defendant K&M and that this court grant any further relief it deems just and proper under the circumstances.

## COUNT IV – DECLARATORY JUDGMENT

35. Plaintiffs reallege and reincorporate the foregoing paragraphs as if fully set forth herein.

36. Defendant BofA should have given Plaintiffs the option under paragraph 4 of the

Deed of Trust to seek a waiver to pay the road assessment themselves, under the terms and provisions allowed by the county.

37. This court can make a judgment to require Defendant BofA to allow Plaintiffs to pay back this assessment to Defendant BofA in the terms they would have originally been allowed to pay to the county.

WHEREFORE, Plaintiffs pray for a judgment requiring Defendant BofA to allow the above-requested payment schedule and that this court grant any further relief it deems just and proper under the circumstances.

## COUNT V – WRONGFUL FORECLOSURE

38. Plaintiffs incorporate all above paragraphs in this count.

39. The foreclosure conducted by Defendants is fatally defective in that Defendants were not in default, and had the deed of trust applied incorrectly and had their payments figured incorrectly..

40. Plaintiffs are entitled to be restored to legal and equitable title, and have no adequate remedy at law.

41. The Bank of America entity cannot hold this mortgage under its own pooling and servicing rules and timing requirements.

WHEREFORE, Plaintiffs pray for an order of this court restoring them to legal and equitable title in the property, and for such other and further relief as deemed just and proper in the premises.

Respectfully submitted this 3rd day of December, 2014.

By: /s/ Dale Wiley
Dale Wiley, Bar No. 50240
Attorney for Plaintiffs

FORECLOSURE LAW, LLC
DALE WILEY, MO BAR 50240
P.O. Box 390, Crane, MO 65633
Phone: 417-723-0061 Fax: 314-754-2869
email: dalewiley@foreclosurelawllc.com
FORECLOSURELAWLLC.COM