IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WESLEY J. JOY and KIMBERLY O. JOY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-3014 |
| | ) | |
| BANK OF AMERICA, N.A. and | ) | |
| KOZENY & MCCUBBIN, L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS

Defendant Bank of America, N.A. ("BANA") submits the following response to Plaintiffs' Motion to Stay Proceedings. In support of its response, BANA states as follows:

### INTRODUCTION

Plaintiffs Wesley J. Joy and Kimberly O. Joy ("Plaintiffs") filed their Petition for Damages ("Complaint") against Defendants BANA and Kozeny & McCubbin, L.C. ("Kozeny") in the Circuit Court of Green County, Missouri on December 3, 2014. On January 12, 2015, BANA timely filed a notice of removal of the action based on diversity jurisdiction and requested that the Court ignore the citizenship of Kozeny as it was fraudulently joined by Plaintiffs merely to destroy diversity jurisdiction. On January 20, 2015, BANA timely filed its Motion to Dismiss Plaintiffs' Complaint for failure to state a claim. Plaintiffs filed their Motion to Remand on February 6, 2015.

In their Motion to Stay Proceedings ("Motion to Stay"), Plaintiffs argue that the Court should stay all proceedings, including Plaintiffs' response to BANA's Motion to Dismiss, until the Court has made a ruling on Plaintiffs' Motion to Remand. Plaintiffs believe that the case will

1

be remanded to state court for lack of diversity jurisdiction assumedly eliminating their need to respond to the pending motion to dismiss.  While BANA acknowledges that this Court should determine whether it has jurisdiction over the matter before deciding BANA's Motion to Dismiss, Plaintiffs provide no explanation why the court should stay their obligation to respond to BANA's motion to dismiss.  Rather, a response by Plaintiffs to BANA's Motion to Dismiss at this juncture will improve judicial economy because BANA's Motion to Dismiss and any opposition filed by Plaintiffs can easily be transferred to the state court for consideration.

## ARGUMENT

### A. Plaintiffs Will Be Required To Respond To BANA's Motion to Dismiss In Either Federal or State Court.

Plaintiffs' Complaint asserts five standard state law causes of action: request for temporary restraining order, preliminary injunction, permanent injunction (Count I); damages against BANA (Count II); damages against Kozeny (Count III); declaratory judgment (Count IV); and wrongful foreclosure (Count V).  BANA's Motion to Dismiss raises three points in response to the various allegations made against it in Plaintiffs' Complaint.  All of the arguments raised by BANA involve defenses that are governed by state law and would be equally applicable if this case were remanded to state court.  There are no arguments raised by BANA that are peculiar to federal courts.  Rather, the motion to dismiss and any opposition filed can be "transferred" to the state court for consideration. There is no reason for an open-ended extension because Plaintiffs will eventually have to respond to the Motion to Dismiss whether or not it remains pending in federal court.

2

### B. BANA Will Be Prejudiced By Staying Indefinitely Plaintiffs' Requirements To Respond To BANA's Motion to Dismiss.

Under Fed. R. Civ. P. 81(c), BANA was required to file its responsive pleading within a specified period of time after the removal to federal court. Under the Western District's local rules, Plaintiffs are required to file their opposition to BANA's motion to dismiss within 14 days from the time the motion is filed. L.R. 7.0(d). BANA is not opposed to allowing Plaintiffs an extension to file their opposition, but to allow Plaintiffs an open-ended extension or an indefinite stay will prejudice BANA. Moreover, it is fundamentally unfair to require BANA to file a responsive pleading (i.e. motion to dismiss) but then permit Plaintiffs to indefinitely stay their opposition. Because BANA believes that Plaintiffs' claims are without merit, BANA is prejudice in that it incurs additional costs the longer this litigation is unnecessarily protracted, including the cost of its defense.

### CONCLUSION

For the foregoing reasons and as a matter of fundamental fairness, Bank of America, N.A. respectfully requests that the Court deny Plaintiffs' Motion to Stay Proceedings and enter an order requiring Plaintiffs to respond to Bank of America, N.A.'s Motion to Dismiss within fourteen (14) days of the Court's order, and for such other relief as the Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

By: <u>s/ Jennifer L. Berhorst</u>
    James D. Lawrence    MO #53411
    Jennifer L. Berhorst    MO #61784
    1200 Main Street, Suite 3500
    Kansas City, MO 64105
    (816) 374-3200 (telephone)
    (816) 374-3300 (facsimile)
    jdlawrence@bryancave.com
    jennifer.berhorst@bryancave.com

ATTORNEYS FOR DEFENDANT
BANK OF AMERICA, N.A.

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on the 12th day of February, 2015, the foregoing was filed via the Court's electronic filing system and shall therefore be served electronically upon the following counsel of record:

    Dale Wiley
    Foreclosure Law, LLC
    P.O. Box 390
    Crane, MO 65633

    Attorney for Plaintiffs

    Kozeny & McCubbin, L.C.
    12400 Olive Blvd., Suite 555
    St. Louis, MO 63141

                                         <u>s/ Jennifer L. Berhorst</u>
                                         Attorney for Defendant