IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| WESLEY J. JOY, <br> And <br> KIMBERLY O. JOY, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA, N.A., <br> And <br> KOZENY & MCCUBBIN, L.C, <br> And <br> FEDERAL NATIONAL MORTGAGE <br> ASSOCIATION <br> Defendants. | Case No. 6:15-CV-03014-SRB |

### FIRST AMENDED PETITION FOR DAMAGES AND TEMPORARY RESTRAINING ORDER

COME NOW, Plaintiffs Wesley J. Joy and Kimberly O. Joy, by and through their undersigned counsel, and state the following in support of their Petition for Damages and for a Temporary Restraining Order.

### PARTIES

1. Plaintiffs currently reside at 3855 W. Driftwood Street, Springfield, MO 65807. Plaintiffs are residents of Greene County.

2. Bank of America, N.A. is a banking conglomerate with its corporate headquarters located at 100 North Tryon Street, Charlotte, NC 28255.

3. Kozeny & McCubbin, L.C. is being sued in their capacity as Successor Trustee. Kozeny & McCubbin, L.C. is a law firm with its principle place of business located at 12400 Olive Blvd. Suite 555 St. Louis, MO 63141.

4. Federal National Mortgage Association (FNMA) is a national association created by the federal government and allowed to sue and be sued in Missouri courts.

## VENUE AND JURISDICTION

5. Subject matter jurisdiction is properly vested in this court because all claims are founded on Missouri law.

6. Personal jurisdiction is properly vested in this court because all the events described herein occurred in the State of Missouri, and thus all defendants have availed themselves of the laws of Missouri.

## GENERAL ALLEGATIONS

7. Plaintiffs' home was foreclosed on October 25, 2012 and purportedly sold to Defendant FNMA.

8. Bank of America has acted as servicer under the Deed of Trust in this matter, dated February 27, 2004, for North American Savings Bank.

9. Earlier in 2012, Defendant Bank of America paid a large road assessment which Plaintiffs had the right to re-pay over ten years.

10. Bank of America failed to notify Plaintiffs of their right under the Deed of Trust in this matter to apply for a waiver to pay the assessment themselves under sections (3) and (4) of said Deed of Trust, attached hereto and incorporated herein as Exhibit A.

11. Even if this road assessment qualified to be paid by Defendant Bank of America under the Escrow section of the Deed of Trust, it should not have taken priority

over Bank of America's loan, again triggering their notice requirements.

12. Bank of America demanded Plaintiffs re-pay this amount over one year's time, effectively doubling Plaintiff's monthly payments and forcing Plaintiffs to fall behind.

13. Plaintiffs had maintained an excellent payment history, but have been forced to default due to the actions of Bank of America, as servicer.

14. Plaintiff has suffered damages as a result of said negligence on behalf of the Servicer.

15. Plaintiffs were and are financially able maintain his original mortgage payment, as well as a reasonable increase due to the payment of the road assessment; but it is conceded that Plaintiffs were unable to maintain the nearly doubled payment due to the unreasonably short time-frame Bank of America has set for repayment on the assessment.

16. Plaintiff has attempted to make full payments, but Defendant Bank of America did not accept same.

## COUNT I – TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION

17. Plaintiffs reallege and reincorporate the foregoing paragraphs as if fully set forth herein.

18. Plaintiffs seek to restrain and enjoin Defendants from removing Plaintiffs' home before they are afforded an opportunity to have their case heard.

19. Plaintiffs have no adequate remedy at law.

20. Plaintiffs will suffer irreparable damages if they are removed.

WHEREFORE**,** Plaintiffs pray in Count I for the orders and judgments of this court;

enjoining and restraining Defendants from taking any action toward removing the Plaintiffs from their home until further order of the court; for an order restraining them from taking any further action against the subject property without leave from the court; that after service the court issue its temporary and preliminary injunction so restraining and enjoining said Defendants and all parties on their behalf, and, upon final hearing, that the court issue its permanent injunction so enjoining and restraining said Defendants and all parties on their behalf, and that the court grant such other relief as may be just and proper, and that Plaintiffs be allowed their costs herein.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT BANK OF AMERICA

21. Plaintiffs reallege and reincorporate the foregoing paragraphs as if fully set forth herein.
22. Defendant Bank of America as servicer failed to adhere to the terms and the notice requirements of the Deed of Trust.
23. Plaintiffs have suffered economic damages as a result of Bank of America, N.A.'s negligent behavior which so drastically changed the monthly payments.
24. Bank of America employees did not pay the road assessment in compliance with Plaintiff's request and this caused the assessment to become delinquent.
25. Plaintiffs have suffered garden variety emotional distress and other non-economic damages whose proximate cause is Bank of America, N.A.'s negligence.
26. Bank of America, N.A. acted with reckless disregard to Plaintiffs' well-being, and Bank of America, N.A.'s actions are reckless and outrageous, necessitating appropriate punitive damages.

27. Said actions are proximate causes of Plaintiffs' damages.

WHEREFORE**,** Plaintiffs pray for a judgment in their favor granting Plaintiffs their damages in an amount to be proven at trial against Defendant Bank of America and that this court grant any further relief it deems just and proper under the circumstances.

## **COUNT III – BREACH OF DUTY AGAINST DEFENDANT KOZENY AND MCCUBBIN**

28. Plaintiffs reallege and reincorporate the foregoing paragraphs as if fully set forth herein.
29. Defendant Kozeny and McCubbin had a fiduciary duty to Plaintiffs.
30. Plaintiffs disputed the debt within thirty days under the Fair Debt Collection Practices Act, under a letter sent to Plaintiffs by Defendant K&M.
31. In their response, Defendant K&M failed to provide payment information, or information on the current owner as legally requested by Plaintiffs.
32. Plaintiffs have made their position clear as to the illegality and inequity of this foreclosure, and Defendants have failed to discontinue the sale.
33. Plaintiffs have suffered economic damages brecause of the actions of Kozeny and McCubbin, and their failure to investigate the claims brought before them and actually known to them.
34. Said actions are proximate causes of Plaintiffs' damages.

WHEREFORE**,** Plaintiffs pray for a judgment in their favor granting Plaintiffs their damages in an amount to be proven at trial against Defendant K&M and that this

court grant any further relief it deems just and proper under the circumstances.

## COUNT IV – DECLARATORY JUDGMENT

35. Plaintiffs reallege and reincorporate the foregoing paragraphs as if fully set forth herein.

36. Defendant Bank of America should have given Plaintiffs the option under paragraph 4 of the Deed of Trust to seek a waiver to pay the road assessment themselves, under the terms and provisions allowed by the county.

37. This court has the authority to make a judgment to require Defendant Bank of America to allow Plaintiffs to pay back this assessment to Defendant Bank of America in the terms they would have originally been allowed to pay to the county.

WHEREFORE**,** Plaintiffs pray for a judgment requiring Defendant Bank of America to allow the above-requested payment schedule and that this court grant any further relief it deems just and proper under the circumstances.

## COUNT V – WRONGFUL FORECLOSURE AGAINST ALL PARTIES

38. Plaintiffs incorporate all above paragraphs in this count.
39. The foreclosure conducted by Defendants is fatally defective in that

    a. Defendants do not possess the note, and the note is further in question by the "signature" of David Spector, who lived and worked in England by this time.

    b. The foreclosure was invalid in that Plaintiff's payment was involuntarily raised and therefore incorrect.

40. Plaintiffs are entitled to be restored to legal and equitable title, and have no adequate remedy at law.

    WHEREFORE, Plaintiffs pray for an order of this court restoring them to legal and equitable title in the property, and for such other and further relief as deemed just and proper in the premises.

### COUNT VI- QUIET TITLE AGAINST DEFENDANT FNMA

41. Plaintiffs incorporate all above paragraphs in this count.

42. Defendants do not have the original note, and do not have the right to collect money or take any action against Plaintiffs.

43. Defendants cannot explain the whereabouts of any paperwork that would actually allow them to take said actions, and therefore have no right to do so.

44. Title should be quieted in the name of the fee simple land holder, in this case, Plaintiffs.

WHEREFORE, Plaintiffs pray the Court to try, ascertain and determine the estate, title and interests of the parties, Plaintiffs and Defendants, herein, in and to the above-described real estate, and to define and adjudge by its judgment and decree that the Plaintiffs are the fee simple owners of the said real estate.

## COUNT VII
## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT AGAINST DEFENDANT BANK OF AMERICA

45. Plaintiffs incorporate all above paragraphs in this count.

46. At all times relevant, defendant Bank of America was in the business of selling a loan and/or the bundle of loan services that go with the loan, and or in servicing the loan, and/or alleged that they were in such business.

Plaintiffs, as set forth above, purchased a loan on the property.

  a. claimed that they had succeeded to the mortgage, loan and note.

  b. advised plaintiff that they were the loan servicer for the loan.

  c. therefore provided services and/or the sale of merchandise in connection

with the sale of the loan, and thus fall under the MMPA.

47. The actions of Bank of America were thus in connection with the mortgage, loan, note and/or servicing of same.

48. Bank of America received payment, money, services, and or other fees relating to their alleged position as holder and servicer of the note.

49. Plaintiffs purchased the property at issue for household purposes, and/or obtained the loan for the same personal, family and/or household purposes.

50. The purported right to foreclose arose from the note, which was entered into in connection with the sale of the property to plaintiff.

51. The misconduct and actions of defendants set forth above, and below, were in connection with the sale of merchandise and/or the provision of services, as the loan was an agreed upon bundle of services being sold by the lender to the plaintiffs as borrowers.

52. The sale of the loan lasted until the last service was performed.

53. The fraud, deception, misrepresentation, false pretenses, unfair practices, concealment, and/or other improper and deceptive acts in violation of the Missouri Merchandising Practices Act (MMPA) set forth above and below were taken in connection with the loan in the course of the servicing of the loan by Bank of America, based upon their claims to be the proper holder and/or servicer of the loan/mortgage note, and thus comprised part of the "sale" of the loan, and/or were part of the services agreed to at the outset of the loan.

54. Bank of America engaged in unfair or deceptive practices, as described in all of the preceding allegations, as well as in the following additional actions, including but not limited to:

    a. Failing to disclose material information to debtors;

    b. Hiding or obscuring material information from debtors;

    c. Attesting to the fact that the debtor was in default and that the rightful note-holder directed foreclosures without having actual knowledge of these facts and, in fact, having information that suggested the opposite;

    d. Causing a foreclosure sale by illegally raising Plaintiff's payment;

    e. Foreclosing on the property despite having no authority or standing to take such actions;

f.  Setting a scheme in place to foreclose on the property, and take the extra suspense proceeds to further increase their profit based on such improper deceptive or fraudulent acts;

g.  In claiming the right to loan payments, despite having no right to do so;

h.  In changing the amount owed in order to take the suspense proceeds to which defendants were not entitled;

i.  In taking other actions which were fraudulent and/or deceptive, and which were taken with the sole purpose of obtaining money to which they were not entitled;

j.  In failing to cancel the foreclosure despite knowing that a proper foreclosure could not go forward; and

55. The unfair and deceptive practices of defendants resulted in ascertainable loss of money and/or property to plaintiffs as set forth above and below, as a result of the act or acts set forth which are declared unlawful by Section 407.020 et seq.

56. The actions of defendants were carried out intentionally with evil motive or reckless intent and/or total disregard for the permanent damages the actions could cause. It was done with the intent solely of filling the corporate coffers, with complete disregard for the significant harm the conduct would cause, and is of the type of activity that calls for punitive damages to punish defendant, and to deter similar actions by others.

WHEREFORE, plaintiffs pray for their damages, their attorney's fees; punitive damages. Statutory fees and/or penalties, and their costs, as well as any other and further relief deemed just and proper.

Respectfully submitted this 31st day of March, 2015.

By: */s/     Dale Wiley*
Dale Wiley, Bar No. 50240
Attorney for Plaintiffs

