IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WESLEY J. JOY and KIMBERLY O. JOY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case. No.: 6:15-CV-03014-SRB |
| | ) | |
| BANK OF AMERICA, N.A. and | ) | |
| KOZENY & MCCUBBIN, L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. #29). For the reasons stated below, Defendant's Motion to Dismiss is granted in part and denied in part. The motion is GRANTED with respect to Plaintiffs' claims for Injunctive Relief (Count I), Negligence (Count II), Declaratory Judgment (Count IV), and Wrongful Foreclosure (Count V). The motion is DENIED with respect to Plaintiffs' claim for violations of the Missouri Merchandising Practices Act (Count VII).

**I.    BACKGROUND**

Plaintiffs Wesley and Kimberly Joy assert this action against Bank of America, N.A., their lender, ("BANA"), Federal National Mortgage Association, and Kozeny and McCubbin following the foreclosure of their property. Plaintiffs executed a Deed of Trust in connection with a purchase money loan on February 27, 2004. In 2012, Defendant BANA, the loan servicer, paid a large road tax assessment and requested repayment of the assessment from Plaintiffs within twelve months. Plaintiffs claim BANA breached its duty to Plaintiffs and failed to comply with the terms of the Deed of Trust after it paid the special tax assessment. Plaintiffs defaulted on

their loan due to the increased payments, and Defendant FNMA took title of the property at the foreclosure sale.

In the First Amended Complaint, Plaintiffs assert five counts: (1) Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, (2) Negligence against Defendant Bank of America, (3) Breach of Duty against Defendant Kozeny and McCubbin, (4) Declaratory Judgment, (5) Wrongful Foreclosure, (6) Quiet Title against Defendant FNMA, and (7) Violations of the Missouri Merchandising Practices Act against Bank of America.

On July 31, 2015, Defendant BANA filed its motion to dismiss Plaintiffs' First Amended Complaint. Plaintiffs filed their response in support of their claims for negligence and violation of the Missouri Merchandising practices Act ("MMPA"). The Court notes that Plaintiffs have failed to respond to Defendant BANA's arguments supporting dismissal of the other remaining claims.

## II. LEGAL AUTHORITY

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal citations omitted); Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015); Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Ash v. Anderson Merchs., LLC, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015).

The court "must take all factual allegations [made by the plaintiff] as true when considering a motion to dismiss." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007); Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable."). However, factual allegations which represent "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)) (internal citations omitted). The pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted); see, e.g., Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (finding the district court appropriately granted a motion to dismiss where "facts pleaded in [plaintiff's] complaint [did] not permit [the court] to infer more than the mere possibility of misconduct.").

The "evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Braden, 588 F.3d at 594 (internal citations omitted). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594; see also Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893 n. 4 (8th Cir. 2010) (noting the court's task "is to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation."). "In addressing a motion to dismiss, the court may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the

pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011) (internal quotations omitted).

### III. ANALYSIS

Defendant BANA moves to dismiss each of the five claims asserted against it in Plaintiffs' amended complaint. Plaintiffs filed a response addressing their claims for Negligence (Count II) and Missouri Merchandising Practices Act (Count VII). The Court will address both counts separately.

The Court notes that Plaintiffs have failed to assert arguments supporting their claims for preliminary injunction (Count I), declaratory judgment (Count IV) and wrongful foreclosure (Count V). Consequently, the Court finds BANA's arguments persuasive and grants BANA's motion to dismiss these claims.

#### a. Count II – Negligence against Bank of America

The First Amended Complaint alleges "Defendant Bank of America as servicer failed to adhere to the terms and the notice requirements of the Deed of Trust." (Doc. #28, ¶ 22). Plaintiffs claim BANA owed Plaintiffs a duty arising out of its role as the loan servicer. BANA emphasizes that no "duty" existed between the parties within the framework of tort liability, and "Plaintiffs do not and cannot allege BANA owed Plaintiffs a duty separate and apart from the Deed of Trust."

"Under Missouri law, 'the first essential element of a claim of negligence' is 'the existence of a duty.'" Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887, 893 (8th Cir. 2014) (quoting Leeper v. Asmus, 440 S.W.3d 478, 482 (Mo. Ct. App. 2014)). "[I]t can be said that a mere failure to complete the undertaking required by contract would not give rise to a cause of action in tort; the remedy for such failure to act would lie in contract." Preferred Physicians

Mut. Mgmt. Grp. v. Preferred Physicians Mut. Risk Retention, 918 S.W.2d 805, 814 (Mo. Ct. App. 1996). "The courts in Missouri have never recognized a mere breach of contract as providing a basis for tort liability." Id. (citing Khulusi v. Southwestern Bell Yellow Pages, 916 S.W.2d 227, 229 (Mo.App.1995)). Moreover, "[u]nder Missouri law … the relationship between a lender and a borrower is one of contractual obligation, not of duty." Pace v. Wells Fargo Bank, N.A., No. 4:11-CV-489 CAS, 2012 WL 3705088, at *15 (E.D. Mo. Aug. 27, 2012) (citing Wood & Huston Bank v. Malan, 815 S.W.2d 454, 458 (Mo. Ct. App. 1991) (stating that "the relationship between a bank and its depositor involves a contractual relationship between a debtor and a creditor;" citing Matter of Estate of Parker, 536 S.W.2d 25, 29 (Mo.1976) (en banc)). "To ascertain whether an action is premised on contractual or tort liability, it is necessary to determine the source of the duty claimed to have been violated, and when the duty alleged to have been breached stems from a contract, the breach does not amount to a tort." Titan Const. Co. v. Mark Twain Kansas City Bank, 887 S.W.2d 454, 459 (Mo. Ct. App. 1994) (internal citation omitted).

According to the complaint, Plaintiffs' negligence claim arose as a result of BANA's failure "to notify Plaintiffs of their right under the Deed of Trust in this matter to apply for a waiver to pay the assessment themselves under sections (3) and (4) of said Deed of Trust" referenced by Plaintiffs as Exhibit A to the Complaint. (Doc. #28, ¶ 10). Plaintiffs further state, "[e]ven if this road assessment qualified to be paid by Defendant Bank of America under the Escrow section of the Deed of Trust, it should not have taken priority over Bank of America's loan, again triggering their notice requirement." Id. at ¶ 11. Plaintiffs claim BANA is liable because it failed to complete an obligation stemming from the Deed of Trust. According to the complaint, the Deed of Trust is the source of the duty claimed to be violated. Because this duty

stems from a contract, Plaintiffs' claim is premised on a contractual theory of liability. Therefore, Plaintiffs cannot maintain a negligence action based on contractual liability against BANA. Defendant BANA's motion to dismiss Count II is granted.

### b. Count VII – Violations of the Missouri Merchandising Practices Act

Plaintiffs assert a claim against BANA for a violation of the MMPA for unfair and deceptive practices. Plaintiffs' claim relates to the payment of the overdue special tax assessment that ultimately increased Plaintiffs' mortgage loan payments and resulted in a foreclosure sale. BANA states Plaintiffs may not bring a claim under the MMPA because the alleged violation did not occur "'in connection with' the origination of a 2004 home mortgage loan." (Doc. #30, p. 13).

"The MMPA creates an individual cause of action under the MMPA for any person 'who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020.'" Ward v. W. Cnty. Motor Co., 403 S.W.3d 82, 84 (Mo. 2013), as modified (May 28, 2013). "Section 407.020.1 makes the "act, use or employment by any person" of any unfair or deceptive practice done '*in connection with* the sale or advertisement of any merchandise' unlawful.'" Conway v. CitiMortgage, Inc., 438 S.W.3d 410, 414 (Mo. 2014). "The use of an unlawful practice is a violation of the MMPA 'whether committed before, during or after the sale,' so long as it was made 'in connection with' the sale." Id. (citing Mo. Rev. Stat. § 407.020.1).

The Missouri Supreme Court reasoned, "[w]hile the full phrase 'in connection with' is not in the dictionary, 'to connect' is defined as 'to have a relationship.'" Id. (citing Webster's

stems from a contract, Plaintiffs' claim is premised on a contractual theory of liability. Therefore, Plaintiffs cannot maintain a negligence action based on contractual liability against BANA. Defendant BANA's motion to dismiss Count II is granted.

### b. Count VII – Violations of the Missouri Merchandising Practices Act

Plaintiffs assert a claim against BANA for a violation of the MMPA for unfair and deceptive practices. Plaintiffs' claim relates to the payment of the overdue special tax assessment that ultimately increased Plaintiffs' mortgage loan payments and resulted in a foreclosure sale. BANA states Plaintiffs may not bring a claim under the MMPA because the alleged violation did not occur "'in connection with' the origination of a 2004 home mortgage loan." (Doc. #30, p. 13).

"The MMPA creates an individual cause of action under the MMPA for any person 'who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020.'" Ward v. W. Cnty. Motor Co., 403 S.W.3d 82, 84 (Mo. 2013), as modified (May 28, 2013). "Section 407.020.1 makes the "act, use or employment by any person" of any unfair or deceptive practice done '*in connection with* the sale or advertisement of any merchandise' unlawful.'" Conway v. CitiMortgage, Inc., 438 S.W.3d 410, 414 (Mo. 2014). "The use of an unlawful practice is a violation of the MMPA 'whether committed before, during or after the sale,' so long as it was made 'in connection with' the sale." Id. (citing Mo. Rev. Stat. § 407.020.1).

The Missouri Supreme Court reasoned, "[w]hile the full phrase 'in connection with' is not in the dictionary, 'to connect' is defined as 'to have a relationship.'" Id. (citing Webster's

Third New International Dictionary 480 (1993)). "In this light, section 407.020.1 prohibits the use of the enumerated deceptive practices if there is a relationship between the sale of merchandise and the alleged unlawful action." Id. In Conway, the Missouri Supreme Court described a loan for the sale of merchandise as follows:

> A loan is composed of both the initial extension of credit and the bundle of related services. It creates a long-term relationship in which the borrower and the lender continue to perform various duties, such as making and collecting payments over an extended period of time. Because each party must continue to perform these duties for the life of the loan, the sale continues throughout the time the parties perform their duties. A party's right to collect a loan is part of that sale and is, therefore, "in connection with" the loan.

Id. at 415.

Here, Plaintiffs have premised their MMPA claim on alleged unfair and deceptive practices in connection with the loan collection process for the property described in the 2004 Deed of Trust. The Deed of Trust established duties between the parties, including making and collecting payments for the life of the loan, which established a long-term relationship. Even though the alleged unfair and deceptive practices do not directly relate to the origination of the loan, the duties of the parties extend over the life of the loan and establish the requisite relationship between the sale of the property and the alleged conduct. As a result of the long-term relationship and the duty to perform the bundle of related services over the life of the loan, the Court must conclude that Plaintiffs' complaint satisfies the relationship requirement.

Pursuant to the Missouri Supreme Court's decision in Conway, when there is a relationship between the sale of the property and the alleged unlawful conduct, the MMPA protects Plaintiffs against deceptive practices. Therefore, Plaintiffs have sufficiently stated a claim against BANA for violation of the MMPA. BANA's motion to dismiss Count VII is denied.

## IV. Conclusion

For the reasons discussed above, it is hereby

**ORDERED** Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. #29) is granted in part and denied in part. The motion is GRANTED with respect to Plaintiffs' claims for Injunctive Relief (Count I), Negligence (Count II), Declaratory Judgment (Count IV), and Wrongful Foreclosure (Count V). The motion is DENIED with respect to Plaintiffs' claims for violations of the Missouri Merchandising Practices Act (Count VII).

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

DATE: September 16, 2015